# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAY PHILLIP DIAL, | Case No.: 2:18-cv-01326-APG-PAL |
| Plaintiff | **Order Dismissing Case Without Prejudice** |
| v. | |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, et al., | |
| Defendants | |

On October 25, 2018, plaintiff Ray Dial was advised by the court that this action would be dismissed without prejudice unless on or before November 26, 2018, Dial either filed proper proof of service or showed good cause why such service was not timely made. Dial has failed to do so. Dial contends he served each defendant through certified mail. ECF No. 5. However, Dial either cannot serve the defendants by certified mail or did not do so properly.

Federal Rule of Civil Procedure 4 requires a plaintiff to complete personal service of the summons and complaint to an individual, unless the individual waives service. Fed. R. Civ. P. 4(d), (e). Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. *See* Fed. R. Civ. P. 4(e). Nevada law requires personal service of the summons and complaint to individuals by any of these same personal delivery methods authorized, but not regular or certified mail. Nev. R. Civ. P. 4(d)(6). Consequently, a plaintiff cannot serve an individual defendant by certified mail under either federal or Nevada law. Dial's attempts to serve individual defendant Robert Cole by certified

mail therefore was defective. *See, e.g., Johnson v. Clark Cty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-CV-00918-RFB-CWH, 2014 WL 6634821, at *2-3 (D. Nev. Nov. 21, 2014). Moreover, by Dial's own submissions, he sent the certified mail to Cole at the wrong location in Nevada and there is no signature on the certified return receipt for the mail sent to Cole in Arizona. *See* ECF No. 5-1 at 2, 5.

As to the non-governmental entity defendants, the Law Office of Adam S. Kutner and the American Legion, Federal Rule of Civil Procedure 4(h)(1) states that a corporation or association must be served in the manner that individuals are served pursuant to Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Dial's attempt to serve these defendants by certified mail does not satisfy personal service, and even if certified mail could suffice, there is no evidence that the persons who signed the certified return receipts are individuals qualified under the Rule to accept service on behalf of these defendants.

Finally, Dial has not properly served the federal government entities, defendants U.S. Department of Veterans Affairs, Social Security Administration, and U.S. Probation Office. Pursuant to Rule 4(i), to serve the United States, certified mail is an acceptable means of service, but Dial did not follow that Rule's requirements because he did not serve the United States Attorney for the District of Nevada and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1). Further, the certified return receipt does not show a signature for the Department of Veterans Affairs, and there is no proof of service as to the Social Security Administration. *See* ECF No. 5-1.

In sum, Dial has not shown he properly effected timely service on any defendant.  He also has not shown good cause to extend the deadline to do so. Fed. R. Civ. P. 4(m).  I therefore dismiss this case without prejudice for failure to timely serve under Federal Rule of Civil Procedure 4(m).  If Dial wishes to pursue his claims and he is not otherwise barred by the applicable statute of limitations, he may file a new lawsuit and serve the defendants properly.  But this case will be closed.

IT IS THEREFORE ORDERED that this case is DISMISSED without prejudice for failure to timely serve the defendants.  The clerk of court is instructed to close this case.

DATED this 7th day of December, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE